IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID WILLIAMS, | : | 1:09-cv-1704 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. William T. Prince |
| LEBANON FARMS DISPOSAL, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

## September 15, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge William T. Prince (Doc.30), filed on August 26, 2010, which recommends that the Defendant's Motion for Summary Judgment (Doc. 24) be granted. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

**I. STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by September 13, 2010.

1

before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.     PROCEDURAL BACKGROUND

Plaintiff David Williams ("Plaintiff" or "Williams") commenced this action on September 2, 2009 pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, asserting racial discrimination by Defendant Lebanon Farms Disposal, Inc. ("Defendant" or "Lebanon Farms"), his former employer.[2]   On June 30, 2010, Defendant filed a

---

[2] At the time of filing the Complaint, Williams was represented by counsel. On March 10, 2010, William's attorneys, upon entering a Motion to Withdraw as Attorney, were permitted to withdraw from this case. (Doc. 21). Plaintiff has failed to obtain new counsel, and thus, is presently *pro se*.

2

Motion for Summary Judgment ("Motion"). (Doc. 24). A brief in support was filed that same day (Doc. 25), arguing that no genuine issues of material fact exist since Plaintiff has failed to provide direct evidence sufficient to show that Defendant had placed substantial negative reliance on Williams's race in reaching its decision to fire him. On August 10, 2010, after the time had passed for Plaintiff to file an appropriate response, the Court directed Williams to file a brief in opposition to the pending Motion. At this time, Plaintiff has neither filed an appropriate response nor requested an extension of time in which to do so.

## III. DISCUSSION

As discussed by Magistrate Judge Prince, the Court may not grant a dispositive motion merely because it is unopposed. The Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." Anchorage Assoc. v. V.I. Bd. of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990). Thus, as a general rule, the disposition of an unopposed motion requires an analysis of the merits. However, Magistrate Judge Prince correctly noted that, in circumstances where a party fails to comply with the Rules after receiving a specific direction from the Court to do so, the Third Circuit of Appeals has stated that Local

Rule 7.6[3] may be applied to grant a motion to dismiss without analysis of the Complaint's sufficiency. Stackhouse v. Maxurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Moreover it is within the discretion of the Court to grant a dismissal of an unopposed motion, with prejudice, where a party has failed to prosecute or comply with a court order.[4] Although Williams was advised of the requirements of Local Rule 7.6, was directed to comply by filing his opposition brief, and was warned of the consequences resulting from his failure to timely file his opposition, Plaintiff has neither filed an appropriate response nor requested an extension of time in which to do so. Therefore, Magistrate Judge Prince recommends that Defendant's Motion for Summary Judgment be deemed unopposed and granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Williams's failure to prosecute and failure to comply with the Court order.

As we have already mentioned, neither Plaintiff nor Defendant have filed objections to this R&R. Because we agree with the sound reasoning that led the

---

[3] Rule 7.6 of the Local Rules for the United States District for the Middle District of Pennsylvania provides that a party opposing a motion must file a brief in opposition within fourteen (14) days, and that if the opposition is not filed within the required time, the party will be deemed not to oppose the moving party's motion.

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides that "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.  An appropriate Order shall issue.